## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY, NEWARK DIVISION

| | |
|---|---|
| **Norfolk Southern Railway Company**<br><br>                           **Plaintiff,**<br><br>          v.<br><br>**Hudson Tank Terminals Corporation,**<br>                                         **Defendant.** | **CASE NO**: |

## COMPLAINT

Plaintiff Norfolk Southern Railway Company, by and through its attorneys, files this Complaint against defendant Hudson Tank Terminals Corporation and, in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Norfolk, Virginia. Norfolk Southern operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

2.      Hudson Tank Terminals Corporation ("Hudson") is a New Jersey corporation with its principal place of business in Newark, New Jersey.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq*.

4. Jurisdiction is also based upon 28 U.S.C § 1332 as the plaintiff and defendants are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

## VENUE

5. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant resides in and is subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

## CAUSE OF ACTION
### Failure to Pay Demurrage Charges

6. Pursuant to 49 U.S.C. § 10746 Norfolk Southern established rules related to the assessment and computation of rail car demurrage charges.

7. The rules which set forth the manner in which demurrage charges are accrued and assessed are set out in Norfolk Southern's tariffs, which are public tariffs posted on the internet.

8. Beginning in or about November of 2014 and continuing through September of 2017, pursuant to the terms of Norfolk Southern's rail car demurrage tariffs, Norfolk Southern agreed to and did release rail cars into the possession of Hudson, and Hudson accepted delivery of said rail cars.

9. Between November of 2014 and continuing through September of 2017, Hudson failed to return possession of the rail cars to Norfolk Southern within the allotted "free time", and as a result accrued demurrage charges in accordance with the terms of the governing tariff, said charges in an amount not less than $295,680.

10. Norfolk Southern submitted invoices to Hudson for the demurrage charges that it incurred between November of 2014 and September of 2017.

11. Although demand has been made for payment of the demurrage charges, Hudson has failed and refused to pay said charges.

**WHEREFORE**, Plaintiff Norfolk Southern Railway Company respectfully demands that judgment be entered in its favor and against defendant Hudson Tank Terminals Corporation, in an amount not less than $295,680, in addition to any prejudgment interest, finance charges, which accrue up until the time of trial, together with costs, attorneys' fees, and such other relief as the Court may allow.

**KEENAN COHEN & MERRICK. P.C.**

By: s/ Eric C. Palombo
Eric C. Palombo
125 Coulter Ave
Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Fax:    (215) 609-1117
epalombo@freightlaw.net
Attorneys for Plaintiff
Norfolk Southern Railway Co.

Date: October 2, 2017

3